## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| NIGEL CHANDLER, #32455-177, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:13-CV-1239-K |
| | § | (3:04-CR-0154-K-1) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Nigel Chandler's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. For the reasons set out below, the § 2255 motion is denied as barred by the statute of limitations.

## I.  BACKGROUND

On December 1, 2004, in a superceding indictment, the Government charged movant and his co-defendant with possession with intent to distribute more than 500 grams of cocaine and conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. (Cause No. 3:04-CR-0154-K, doc. 106). He pled not guilty and was tried before a jury on April 5-11, 2005. He was found guilty of both counts of the indictment. (*Id.*, doc. 165). On August 4, 2005, this Court sentenced movant to 360 months imprisonment, followed by five years of supervised release. (Judgment, doc. 179). Movant appealed and, on July 13, 2006, the Fifth Circuit affirmed the convictions and sentence. *See United States v. Chandler*, No. 05-10993 (5th Cir. Aug. 10, 2006). His petition for writ of certiorari was denied by the

Supreme Court on November 13, 2006. *See Chandler v. United States*, No. 06-7151 (U.S. Nov 13. 2006).

On August 29, 2011, the Court received a motion from movant seeking free copies of the transcripts and other documents filed in his case, as well as the forms used to file a § 2255 motion and a civil rights complaint pursuant to 24 U.S.C. § 1983. (doc. 200).  On August 30, 2011, this Court denied the request for free copies, but directed the Clerk's Office to mail movant a copy of the relevant forms and the Court's local rules. (doc. 201).  However, movant did not mail his § 2255 motion until March 19, 2013. (Mot. at 7).  In his § 2255 motion, movant alleges that: 1) his sentence was enhanced beyond the statutory maximum based on facts neither admitted to by movant nor found by a jury beyond a reasonable doubt (Memorandum at 8-9); 2) his trial attorney provided ineffective assistance of counsel because he did not disclose plea offers, he did not properly investigate the case, and did not move for dismissal based on a Speedy Trial violation;  (Mem. at 13-18); 3) his appellate counsel was ineffective for failing to move for a remand based on the Supreme Court decision, *United States v. Booker*, 543 U.S. 220 (2005) (Mem. at 18); 4) he is actually innocent of the sentence he received because this Court did not have the authority to sentence him beyond a ten-year sentenced based on the amount of drugs he was found guilty of possessing by the jury (Mem. at 19-22); and 4) this Court lacked jurisdiction to impose a 360-month sentence (Mem. at 22-25).

On March 28, 2013, this Court issued an order directing movant to file a response

explaining why his § 2255 was not untimely filed or what the statute of limitations should be tolled on equitable grounds. (*See* Order on Limitations).  On April 24, 2013, the Court received movant's response in which he states that his motion should be considered timely because it is based on a right newly recognized by the Supreme Court. (Resp. on Limitations).   On April 29, 2013, the Court issued an order directing respondent to file a response to movant's § 2255 motion and preliminary response. (*See* Order to Show Cause, doc. 6).  On June 28, 2013, the respondent filed its response, on July 19, 2013, the Court received movant's reply brief, and on October 28, 2013, movant filed a motion seeking an evidentiary hearing.

## II.  STATUTE OF LIMITATIONS

"28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  Specifically, it states that:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

3

retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Movant mailed his § 2255 motion on March 19, 2013.  His conviction became final on November 13, 2006, when his petition for writ of certiorari was denied by the Supreme Court. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).  All of movant's claims, except for his claim that his attorney was ineffective for failing to advise him of potential plea offers, are either based on facts that were available to movant before his conviction became final on November 13, 2006, or on case law that has handed down before his convictions became final, such as *Booker*, *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Indeed, these cases were cited by trial counsel in a motion filed in this Court in June of 2005. (*See* doc. 170).  Therefore, because movant filed his § 2255 motion over seven years after his convictions became final, under § 2255(f), these claims would not be timely. In his reply brief, movant cites *Alleyne v. United States*, 133 S.Ct. 2151 (2013), handed down on June 17, 2013.  However, *Alleyne* concerned a situation where a defendant was sentenced to a mandatory minimum sentence that had been raised by facts not found by the jury.  This did not occur in movant's case.

Movant does assert that his claim that his attorney did not advise him of plea offers is based on a right newly recognized by the Supreme Court. (Mem. at 2-4; Resp. on Limitations at 1-3).  In particular, movant asserts that this claim is based on *Missouri*

*v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), both handed down on March 21, 2012. In *Frye*, the Supreme Court held that a defense attorney provides ineffective assistance of counsel when he fails to communicate a written plea offer to his client. *Id*. at 1408. In *Lafler*, the Supreme Court held that a defense attorney had provided ineffective assistance of counsel by advising his client to decline a plea offer and proceed to trial, the defendant had established a reasonable probability that he would have accepted the plea offer except for his attorney's advice, and that the appropriate remedy would be left to the trial court's discretion. *Id*. at 1390-91. While *Frye* applies to movant's ineffective assistance of counsel claim, the Fifth Circuit has specifically held that *Frye* and *Lafler* did not announce new rules of constitutional law, but merely applied the Sixth Amendment right to counsel to the plea bargain context. *See Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013); *In re King*, 697 F.3d 1189 (5th Cir. 2012). Therefore, movant's claim that his trial attorney was ineffective for failing to advise him of a plea offer is not timely under § 2255(f)(3).

Movant also asserts that this claim should be considered timely under § 2255(f)(4) because the date on which *Frye* was handed down is the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. (Mem. at 3). Alternatively, he asserts that this claim should be considered timely under § 2255(f)(4) because, after he heard about the Supreme Court cases *Frye* and *Lafler*, he immediately contacted his trial attorney and requested information bout any possible plea offers made by the government. After receiving a letter from his

attorney in November of 2012, stating that he did not have any independent recollection of whether a specific plea offer had been made, movant made a request under the Freedom of Information Act (FOIA) and, on January 10, 2013, received a copy of a plea offer dated August 13, 2004 that, he asserts, was never disclosed to him. (Resp.  on Limitations at 4; Mem.  at 7, Ex.  A, B).

Movant first argues, in essence, that the court cases *Frye* and *Lafler* should be considered "facts" supporting this claim.  However, this reading of § 2254(f)(4) would render § 2254(f)(3) meaningless, since following movant's argument, *any* Supreme Court case, or indeed, any case at all, could be the factual basis for a claim, regardless of whether it announced a newly recognized  right that was made retroactive to cases on collateral review.  *Frye* and *Lafler* are not "facts" supporting movant's claim.  *See Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir.  2007) (holding that a defendant's own litigation history can constitute a new fact, but not other court decisions that clarify the law); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir.  2006) (same).

Movant also contends that this claim should be considered timely under § 2254(f)(4) because he did not discover the plea offer until he received it in January of 2013 through a FOIA request.  However, under § 2254(f)(4) the one-year statute of limitations begins to run from the date on which the facts supporting the claim *could have been discovered through the exercise of due diligence*.  Movant has not demonstrated that he exercised due diligence in discovering the facts supporting this claim.  By his own admission, he did not seek out this information until after he heard about *Frye* and

*Lafler*, some time after they were handed down in March of 2012.  However, movant was tried before a jury seven years earlier, in April of 2005, and his convictions became final in November of 2006, over five years earlier.  Movant has not alleged that he asked either his trial or appellate attorney about any potential plea offers before his conviction was final or that he made an earlier FOIA request.  Instead, movant waited until his trial attorney had no recollection of the particulars of his case.  Furthermore, the Fifth Circuit has consistently held that a trial attorney may render ineffective assistance of counsel by failing to advise his client about a plea offer.  *See Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).  Therefore, well before the Supreme Court handed down *Frye*, movant was on notice that such a claim could be a viable one in this Circuit.  The facts supporting this claim could have been discovered by movant prior to the date his convictions became final.  Therefore, all of movant's claims for relief are untimely.

However, "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of

7

a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649  (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant did not contact this Court about filing a § 2255 motion until August of 2011, almost five years after his convictions became final, and he did not file his § 2255 motion until over a year and a half after that.   Movant has failed to establish that he diligently pursued his rights, as required by Supreme Court case law.  *See Holland*, 130 S.Ct. at 2562.  He has also failed to establish that some extraordinary circumstance prevented him from filing his motion in a timely manner.  Were this Court to grant movant equitable tolling in a circumstance where he "slept on his rights," this Court would be in the position of litigating an ineffective assistance of counsel claim where, because of the passage of time, the attorney in question has no recollection of the facts and no longer has the case file.  (Mem., Ex.  A).  Movant has not met his burden to establish circumstances warranting  equitable tolling, and his motion to vacate is barred

8

by the statute of limitations.

Recently, in *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013), in the context of a federal petition filed by a state prisoner, the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations, even in circumstances where equitable tolling is not appropriate because the petitioner has not exercised due diligence in pursuing his claim.  It held that in order to be entitled to this exception to the statute of limitations, however, a federal habeas petitioner must present a convincing claim of actual innocence.  *Id*. at 1934-35.  Here, movant does not assert that he is actually innocent of the two crimes for which he was convicted by the jury.  He asserts instead that he is "actually innocent" of the sentence he received.  Therefore, *McQuiggins* does not overcome the statute of limitations procedural bar.

### III. CONCLUSION

Movant's motion to vacate, set aside, or correct sentence is barred by the statute of limitations and is **DENIED** with prejudice.  His motion for an evidentiary hearing (doc. 10) is also **DENIED**.

SO ORDERED.

Signed May 27th, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE